IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 11-cr-00302-CMA

UNITED STATES OF AMERICA,

v.

1. SAM JAHANI, and
2. ERIC A. PEPER

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

Upon further consideration, this Court recognizes that the length of time needed to conduct a trial in this case will depend considerably on how this Court rules on certain evidentiary matters discussed tangentially in arguments made by all parties in the pending motions. This order is designed to provide the Court with briefing that directly addresses these matters.

In particular, this Court requires more information about various aspects of the Government's argument that it is permitted to offer evidence of prior bad acts not directly referenced or charged in the indictment: principally, evidence related to so-called "non-charged patients"[1] to whom Defendants prescribed controlled substances for allegedly no legitimate medical purpose.

---

[1] The parties use the term "non-charged patients" to describe patients not identified in the indictment but referenced principally in lists supplied to Defendants by the government. The Court adheres to this convention for purposes of this order.

The Government has argued that evidence related to the non-charged patients is admissible because it is "intrinsic" to the crimes charged in the indictment—and in particular to the charges related to Health Care Fraud (HCF). *See, e.g.*, (Doc. # 294 at 1-2.)  Defendants disagree and have generally argued that this evidence is inadmissible under Federal Rule of Evidence 404(b).

The Tenth Circuit has recognized that some evidence of uncharged bad acts is not subject to Rule 404(b) because the acts at issue are "intrinsic" to the charged crimes.  At the same time, numerous federal courts have noted that it is difficult to define what constitutes evidence "intrinsic" to the charged crime and that by relying on the vagaries of this Rule 404(b) exception, a court can improperly allow inadmissible evidence to be considered at trial. *Compare, e.g.*, *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (finding evidence of a prior drug conviction intrinsic to a separately charged crime), *with United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000) (noting that "[b]ifurcating the universe into intrinsic and extrinsic evidence has proven difficult in practice"); *see also Irving*, 665 F.3d at 1215 (Hartz, J. concurring) (collecting authorities that hold that the intrinsic/extrinsic distinction has "become overused, vague, and quite unhelpful" and "is vague, overbroad, and prone to abuse").

The Court needs greater clarity on these difficult evidentiary questions and how they apply to the facts of this case. The Court therefore directs the parties to brief the following questions:

1) **What is the universe of prior bad acts evidence the Government potentially seeks to introduce at trial?**

The Government must identify by category and patient[2] all uncharged bad act evidence that it might offer at trial. This categorization should include any evidence that is to be discussed "substantively" as the Government has used that term in briefing before this Court. *See, e.g.*, (Doc. # 284). The Government should also explain what evidence it anticipates discussing in a non-substantive manner at trial. The purpose of this requirement is not to force the Government to reveal its theory of the case but to apprise this Court and Defendants of the uncharged conduct it seeks to admit into evidence.

2) **Why is this evidence admissible?**

For all the categories of evidence referenced in Question (1) above, the Government should explain the relevance of the evidence and the theory pursuant to which this evidence is admissible, notwithstanding Rule 404(b). The Court presumes that, based on prior briefing, the Government's sole basis for admitting this evidence is that it falls within the intrinsic evidence exception to Rule 404(b). This presumption informs the questions that follow.

3) **Is there Tenth Circuit authority for the Government's theory as to why the evidence is admissible?**

As the Government has noted, the Tenth Circuit did apply the intrinsic evidence exception to Rule 404(b) in *Irving*, cited above. *Irving*, however, appears to be

---

[2] The parties may identify patients by their initials, but need to supply the Court with a list pursuant to which the Court can decode the initials and identify the patients.

3

potentially distinguishable from the facts of this case.  Further, the Government has cited no Tenth Circuit authority that presents facts and arguments similar to those seemingly at issue here: *i.e.*, a case where the Government argues that evidence of uncharged conduct is intrinsic to a multi-year "scheme" to defraud, in which the conduct at issue is neither referenced in the indictment nor the subject of a prior conviction. In its briefing, the Government should: (i) address why *Irving* controls given these distinctions, and (ii) identify any other cases that are more on directly point.[3]

4) **Are the concerns identified by other courts about the definition of intrinsic evidence inapplicable under the law of the Tenth Circuit?  Are they inapplicable in this case?**

The Court is particularly interested in the parties' positions on the problems with the intrinsic evidence rule identified by Judge Randolph in *Bowie*, cited above, and

---

[3] As support for its position that the bad acts evidence is admissible as intrinsically related, the government cites a number of cases from the federal courts of appeal.  *See* (Doc. # 294 at 5-10.)  Of all the cases cited, *United States v. Bourlier*, 518 F. App'x 848 (11th Cir. 2013), seems the only one directly on point in that it also addressed a defendant's challenge to the admission of uncharged conduct that the government (successfully) argued was "intrinsic" to the offenses charged.  *Id.* at 855-56.  At the same time, *Bourlier* does not address the problems with the intrinsic evidence exception outlined in cases such as *Bowie*.  Moreover, the other cases the government cited in briefing this issue appear distinguishable on at least one of two grounds.  First, they address the **sufficiency** of the evidence—including evidence of prior bad acts—used to sustain a conviction for charges similar to the ones Defendants face, but under circumstances in which the **admissibility** of the same evidence was unchallenged.  Second, these cases do not address the fact pattern at issue here: where the government appears to be offering specific instances of prior **uncharged** conduct to support allegations **charged** in the indictment.  *See, e.g.*, *United States v. Varma*, 691 F.2d 460 (10th Cir. 1982); *United States v. Webb*, 655 F.3d 1238, 1241-43 (11th Cir. 2011); *United States v. Johnson*, 71 F.3d 539, 542-43 (6th Cir. 1995); *United States v. Rosen*, 582 F.2d 1032, 1036 (5th Cir. 1978); *see also United States v. Bek*, 493 F.3d 790 (7th Cir. 2007) (addressing evidentiary arguments unrelated to Rule 404(b) and discussing a sufficiency of the evidence challenge related to an entrapment defense).  If these two distinctions make little difference or if this Court has misconstrued the basis for the government's reliance on these cases, the government should explain why in briefing responsive to this order.

those cases from other circuits that rely on *Bowie*, including Judge Hartz's concurrence in *Irving*.

5) **How would severing and proceeding to trial first on only the Controlled Substance Act (CSA) counts impact these evidentiary questions?**

The Government has asserted that the Court would save no trial time if it proceeded to trial on only the CSA counts because "the evidence supporting the health care fraud and money laundering charges will be probative and admissible in a separate trial covering the drug dispensing counts." (Doc. # 294 at 2.) The Government appears to argue that this is because the evidence used for all three types of crimes is inextricably intertwined. (*Id.* at 9.) The Government needs to explain the reasoning that undergirds this assertion. In so doing, the Government should also take into account the views articulated by the Tenth Circuit in *United States v. MacKay*, 715 F.3d 807, 840-42 (10th Cir. 2013).

6) **Is the admission of evidence identified in Question (1) substantially more prejudicial than probative?**

The Court expects the parties to outline the interplay between the intrinsic evidence rule and Rule 403.

7) **What is legally sufficient for the Government to prove the HCF counts? What evidence is relevant and admissible to prove these charges?**

Counts 1-11 of the Superseding Indictment allege violations of 18 U.S.C. § 1347, which prohibits the knowing and willful execution of a scheme to defraud a health care benefit program. The portion of the Superseding Indictment that concerns these counts spans over sixteen pages and is divided into four parts: (A) an introduction that describes, among other things, the defendants, aspects of several health care benefit

programs, and particular prescriptions that are subject to Government oversight because they are listed as controlled substances under the CSA; (B) an allegation that the defendants knowingly and willfully executed a scheme to defraud; (C) a description of the thirteen different "manner and means" by which the Defendants allegedly perpetrated the health care fraud; and (D) a description of the "execution" of the scheme, in which the Government provides a table that links eleven discrete acts committed by Defendants to the eleven counts that comprise the entirety of the Health Care Fraud counts. (Doc. # 84 at 1-16.)

The Court's inquiry here is focused on the fourth section of this portion of the Superseding Indictment, in which the Government describes the "execution" of the scheme in the aforementioned table. *See* (*id.* at 16-17.)[4] As presented in the table, these eleven counts appear to allege that on a specific day, one of the Defendants took a specific action with a specific patient that constituted a discrete violation of 18 U.S.C. § 1347. For example, Count 1 references, among other things, Defendant Jahani; Patient "K.G."; and the date June 20, 2008. From this description, the Court concludes that Count 1 alleges a scheme to defraud that was perpetrated by Defendant Jahani and occurred with Patient KG on June 20, 2008. The other eleven counts contain similar descriptions of particular events and patients.

---

[4] There is a dispute between the parties as to the degree of specificity with which the government must identify the relation between Subparts C and D of the indictment: in short, the Defendants argue that the government needs to identify with greater particularity the manner in which Defendants conducted the frauds alleged in each of the eleven HCF counts. That matter has been fully briefed and need not be further discussed in response to this order.

Although Counts 1 through 11 of the Superseding Indictment charge only these eleven discrete acts, the Government has suggested that the crime (or crimes) charged in Counts 1-11 is (or are) broader in scope. In particular, the Court's understanding of the Government's position is that the "scheme to defraud" could encompass, for example, a scenario in which: (1) Defendant Jahani prescribed controlled substances to Patient A in a manner that was inconsistent with the usual course of professional practice and for other than a legitimate medical purpose; (2) an insurance company was billed for this prescription; (3) the specific instance of the illegal prescription is not referenced in the indictment; and (4) Patient A could be either a patient "charged" in the CSA counts or one of the thirteen uncharged patients identified by the Government.

With reference to the Patient A example, the Court has the following questions:

a) Is the Court's interpretation of the Government's theory correct? If not, how is it erroneous?

b) How would the alleged conduct with Patient A be relevant to proving any of the acts charged in Counts 1-11?

c) If the evidence is relevant, how does Rule 404(b) impact its admissibility?

d) Assume the following: (i) at trial, the jury determines that there is insufficient evidence to convict on the acts included in Counts 1-11; and (ii) the jury is allowed to hear testimony about Patient A and believes there is sufficient evidence to establish that Defendant Jahani committed Health Care Fraud in his dealings with Patient A. Can Defendant Jahani be convicted of Health

Care Fraud and, if so, pursuant to which Count?  What is the legal authority that would allow for such a conviction?

\* \* \*

The Court recognizes that it has raised a number of complicated issues that will presumably require substantial time to adequately brief.  The Court also wishes to discuss many of these matters at the hearing on the pending motions, which is currently scheduled for July 2, 2014.  In order to ensure that the requested briefing is concluded prior to the hearing on the motions, the Court directs the Government to submit briefing responsive to this order by no later than June 11, 2014.  Defendants have until June 18 to respond.  The Government shall have until June 25 to file a reply.  If the parties wish for more time to brief these matters, they should confer with one another and file a joint motion (including a proposed alternative briefing schedule) to reschedule the July 2, 2014, hearing.

DATED:  May __28__, 2014

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge