UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00302-CMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. SAM JAHANI, and**

**2. ERIC PEPER,**

**Defendants.**

_____

REPORTER'S TRANSCRIPT
(Motions Hearing)

_____

        Proceedings before the HONORABLE CHRISTINE M.
ARGUELLO, Judge, United States District Court, for the
District of Colorado, commencing at 1:24 p.m. on the 24th
day of July, 2014, Alfred A. Arraj United States
Courthouse, Denver, Colorado.


A P P E A R A N C E S

**FOR THE PLAINTIFF:**
MICHELLE HELDMYER and DAVID TONINI, Assistant U.S.
Attorneys, 1225 17th St., Suite 700, Denver, CO 80202

**FOR DEFENDANT JAHANI:**
STEPHEN C. PETERS, Peters Law Firm, LLC, 3773 Cherry Creek
Dr. N., Suite 1005E, Denver, CO 80209
TODD ELLIOTT MAIR, Peters Mair Wilcox, 1755 Blake Street,
#240, Denver, CO 80202
**FOR DEFENDANT PEPER:**
GARY LOZOW, Foster Graham Milstein & Calisher, LLP, 360
South Garfield Street, 6th Floor, Denver, CO 80209
ANTHONY L. LEFFERT, Robinson, Waters & O'Dorisio, P.C.
1099 18th Street, Granite Tower, #2600, Denver, CO 80202

1                        **JULY 24, 2014**

2            (Proceedings commence at 1:24 p.m.)

3            THE COURT:  You may be seated.

4            Court calls Criminal Case No. 11-cr-00302, entitled

5    United States of America v. Sam Jahani and Eric A. Peper.

6            Counsel, would you please enter your appearances.

7            MS. HELDMYER:  Yes, Your Honor, Michelle Heldmyer

8    and David Tonini representing the United States.  We are

9    also joined by DEA Special Agent John Gjellum.

10           THE COURT:  Good afternoon.

11           MS. HELDMYER:  Good afternoon, Your Honor.

12           MR. PETERS:  Good afternoon, Your Honor, Steve

13   Peters appearing with Dr. Jahani, who is present for the

14   hearing.

15           DEFENDANT JAHANI:  Good afternoon, Your Honor.

16           THE COURT:  Good afternoon.

17           MR. MAIR:  Todd Mair on behalf of the Dr. Jahani.

18           THE COURT:  Good afternoon.

19           MR. LEFFERT:  Good afternoon, Judge, Tony Leffert

20   appearing on behalf of Dr. Peper.

21           MR. LOZOW:  And Gary Lozow, on behalf of Dr. Peper.

22   Good afternoon.

23           THE COURT:  Good afternoon.

24           All right.  Well, on June 30, 2014, I ordered

25   supplemental briefing because I needed more information

1    about various aspects of the Government's argument that it

2    is permitted to offer evidence of prior bad acts not

3    directly referenced or charged in the Indictment,

4    principally evidence related to so-called non-charged

5    patients to whom defendants had prescribed controlled

6    substances for allegedly no legitimate medical purpose.

7         This hearing was originally scheduled to allow the

8    parties to present oral argument beyond what they

9    submitted in their written briefs relating to the

10   Defendants' Motion to Sever Counts and Motion for

11   Reconsideration of Order on the Motion for Bill of

12   Particulars.

13        Last week, Ms. Heldmyer, you filed a Reply to the

14   Defendants' Response to your briefing indicating that the

15   Government would be amending a charge in the Indictment

16   that might obviate the need for much of the argument that

17   was originally anticipated to be presented in this hearing

18   today.  And you suggested that the Court should vacate

19   this hearing or perhaps the Court should consider vacating

20   this hearing.

21        I didn't vacate the hearing because I have already

22   spent numerous hours reviewing the Indictment, the trial

23   management reports, the briefing, meeting with counsel,

24   conducting my own research, all in an effort to balance

25   what I view as the competing interest in this case.

1          First, to ensure that the Government is able to

2     present its case without undue interference by this Court.

3     And, second, that the defendants' constitutional rights

4     are protected.

5          So although the issuance of a Superseding

6     Indictment might render moot the defendants' motions and

7     obviate the need for this Court to rule thereon, I think

8     it is probably in everyone's best interest for me to give

9     you the benefit of my thoughts regarding where I see this

10    case going in the future.

11         I believe that perhaps if you better understand

12    what my concerns are, it might help to ensure that a

13    Superseding Indictment adequately addresses the issues of

14    concern to me.  And I will be very frank here today,

15    because I am a bit frustrated.

16         In my view, the manner in which the Government has

17    decided to prosecute the health care fraud counts is what

18    is actually hindering the prosecution of this case and

19    delaying the trial date in this case.

20         In your briefing, Ms. Heldmyer, you represented

21    that I am "misperceiving" the law.  That is in Docket 347,

22    at page 1.  And you imply that I am "confused" about the

23    scope of this case and corresponding admissible evidence.

24    That is in Document No. 355, at page 1.

25         And I just want to be clear, I am not confused

1   about the law, I just disagree with you about how much

2   information you have to give the defendants and what type

3   of evidence is appropriate to submit to the jury in this

4   case.

5           Now, you have relied on theories of criminal

6   liability and cases that only serve to raise, in my mind,

7   red flag concerns about serious violations of the Sixth

8   Amendment, due process, not to mention unjustified end

9   runs around Federal Rule of Evidence 404(b) protections.

10          And with that said, let me identify for you two

11  principal problems with how I see you have proceeded with

12  this case.

13          First, you have presented the allegations of the

14  health care fraud counts in a vague and somewhat cagey

15  way.  And, two -- and I apologize, I have a sore throat

16  and I have been battling this for a couple weeks now --

17  despite the defendants' objections and this Court's

18  repeated attempts to get the Government to narrow down and

19  identify the evidence it intends to rely upon so that the

20  due process rights of the defendants and their Sixth

21  Amendment rights are not violated, you continue to insist,

22  without providing persuasive or controlling legal

23  authority, that you can present unidentified evidence

24  referenced nowhere in the Indictment to prove the elements

25  of the health care fraud count because simply you utter

1    the magical words "intrinsically related."

2         First, it perplexes me why the Government needs to

3    play hide the ball with respect to what the fraudulent

4    scheme in this case is.  Why do we need 13 different ways

5    of orchestrating the scheme which fall into five broad

6    categories of action and are executed in 11 different

7    ways?  And that is Document 347, at pages 2 to 4.

8         The way the fraud scheme is alleged by the

9    Government is reminiscent to me of a nightmarish LSAT

10   logic game.  Relatedly, why should it be necessary to

11   explain the scheme by way of additional dispositions in

12   extensive briefing before this Court?

13        It appears to me that the health care scheme

14   portion of the Indictment, particularly pages 14 through

15   the top of 16, requires more annotations and explications

16   than a page from Joyce's Ulysses.

17        If understanding the scheme is inaccessible to the

18   average federal judge without guidance from supplemental

19   materials, why will it be sufficient for the defendants

20   and the jurors?

21        It should be of concern to you that previous

22   iterations concerning the scope of the health care scheme

23   can be understood only by reference to the subsequent

24   court filings, hundreds of pages of subsequent court

25   filings or letters sent to the defense or other materials

1    that are in no way referenced or identified in the

2    Indictment.

3         Why can't the Government just explicitly state the

4    reasons you think these defendants committed these frauds?

5    It strikes me that you do not want to commit to any

6    particular theory because that would mean then that you

7    lose the option of alleging something slightly different

8    down the road.  Now is not the time for fear of

9    commitment.  We're 3 years into this case.

10        What prevents the Government from merely saying we

11   allege that defendant Jahani committed health care fraud

12   by engaging in upcoding on this date with patient AW, who

13   had Medicaid?  Thus, the scheme was to defraud Medicaid as

14   the insurer, the manner and means was upcoding, and the

15   execution was on this date, period.  That example is

16   clean, it is free of confusion and potential prejudicial

17   effect.

18        Moreover, if you think the Indictment doesn't cover

19   enough of the allegedly fraudulent or criminal conduct

20   committed by one of the defendants, then you fix it in the

21   Superseding Indictment and add additional charges that

22   identify specifically the information that this Court

23   believes is necessary to not violate the defendants'

24   constitutional rights.

25        Alternatively, I may have to order a bill of

1    particulars and force you to connect the dots between the

2    scheme, the manner, the means and the execution.

3          Right now, it seems to me we have almost all of

4    this information in the execution portion of the

5    Indictment in a table with respect to those particular

6    acts, but I think you need demystify the cloud of words

7    that is this manner and means section of the health care

8    fraud scheme portion of the Indictment.

9          Second, I want to talk to you about the conduct

10   that is not referenced in the Indictment but which you

11   allege is charged conduct.  And I understand your

12   arguments as to this point, though I respectfully disagree

13   that your position is mandated by the Tenth Circuit

14   precedent.

15         In particular, I think that Oles and Irving are

16   distinguishable, both because they present categorically

17   different scenarios from the case at hand, and because the

18   number of uncharged acts you want to tie in here is

19   unprecedented, at least for this circuit.

20         Additionally, on a more fundamental level, the way

21   you are prosecuting this case and the way you have

22   presented this Indictment deeply worries me.  It strikes

23   me as patently unfair that conduct you allege is covered

24   in the Indictment is not specifically addressed in that

25   document, and under your theory, need not be moored to any

1    formal pleading in this case.

2         So the question is, how do you cure this defect?

3    Well, in the Superseding Indictment you need to be more

4    explicit in the way you connect unreferenced facts in the

5    Indictment to the health care scheme, itself.  For

6    example, if you want testimony about Dr. Jahani's actions

7    with patient TB, either as a health care fraud or a

8    controlled substances act charge, then why not have an

9    explicit charge?  Defendant Jahani gave prescription drugs

10   to TB and used inaccurate coding to write those

11   prescriptions, thereby defrauding TB's insurance company.

12        There is nothing that would stop you from doing

13   that at this point, and I am just advising that if you

14   want to amend and you are going to get a Superseding

15   Indictment and you want to get in this evidence, then that

16   is how specific you are going to have to be.

17        So, moving forward, I view that we have two

18   options.  The path of greater resistance is for the

19   Government to continue to litigate its disagreements about

20   my interpretations of the law and the requisite

21   specificity that is needed to allege a scheme to defraud

22   and the scope of the evidence that is going to be allowed

23   to prove that scheme.

24        As you can guess from my comments, I am very

25   skeptical about your arguments here.  I don't believe that

1    the cases you have cited to me support such a broad

2    proposition as you can enter any evidence that is in any

3    way intrinsically related.  I just don't buy it.  And I

4    wrote a book on evidence.  I know what the Eleventh

5    Circuit has done.  I don't know what the background of

6    those judges were but, frankly, I just don't buy it.

7         I am seriously considering limiting the scope of

8    this trial by either controlling the substance counts --

9    by trying the controlled substances counts first and

10   limiting the evidence by excluding all testimony in

11   documents not directly related to the conduct referenced

12   in those counts, or trying all of the counts in one trial

13   but, again, excluding documents and testimony of those

14   acts that are not explicitly referenced in the Indictment

15   unless there is some bill of particulars that is going to

16   give the defendants notice.

17        And I just want to remind you that proceeding that

18   way is largely discretionary.  I have a need to manage my

19   docket.  I need to make judgment calls about prejudice to

20   the defendants and evidence that is relevant.  My law

21   clerk and I have spent hundreds of hours preparing for the

22   various hearings in this case, and I am not going to allow

23   this one matter to consume what is already a crushing

24   workload in my civil and criminal dockets.

25        And I know that the Government passionately

1    disagrees with my interpretation and my position on these

2    issues, and you think I am impermissibly limiting the

3    scope of this trial by my view of how these health care

4    counts have been pled and what would be allowed and what

5    wouldn't.

6        You also think I misapply or misread -- that I

7    misread or apply an unduly narrow reading to what is

8    proper 404(b) evidence for the health care fraud counts.

9    And perhaps you might ultimately convince the Tenth

10   Circuit that I am wrong, but proceeding down that road is

11   going to require a tremendous amount of additional time

12   and energy on the part of everyone before we get to where

13   either side wants to go.

14       The other option, which is the path of less

15   resistance, is just to fix these problems with the

16   Indictment through the Superseding Indictment that you

17   indicate you are going to do.  However erroneous you may

18   think my interpretation of the law is, you are stuck with

19   me.

20       You can make all conduct not referenced in the

21   Indictment explicitly charged conduct by directly

22   referencing it in the Indictment and tying it to a

23   particular count.  And if you care enough to present this

24   information to a jury, you should care enough to present

25   it to a grand jury and include it explicitly in the

1    Indictment.

2         Similarly, you can provide a straightforward

3    unequivocal series of statements of specific instances of

4    fraud committed by the defendants.  There is nothing to

5    stop you from doing that.  I am giving you the benefit of

6    my thoughts so that you know if you are going to go back

7    to a grand jury, then that, in my view, is what you are

8    going to have to do to get all of the information you

9    want, and changing one count is not going to accomplish

10   it, which is what you have indicated, substituting one

11   count for another or adding to one count.  That will not

12   do it, unless it is as directly explicit as I have

13   indicated here today.

14        So that is what I have to say today.  And I know

15   you all were probably prepared with argument, but it seems

16   to me that until I see what the Government ends up doing

17   in the Superseding Indictment, I am not really going to be

18   able -- whatever rulings I give are not going to be very

19   much help here.

20        So, Ms. Heldmyer, do you wish to make any

21   statement?

22        MS. HELDMYER:  No, Your Honor.

23        THE COURT:  All right.  Mr. Peters?

24        MR. PETERS:  I have no argument to make in addition

25   to the Court's statements.  I think I understand the

1    Court's position, except in one respect.  If you would be

2    kind enough, Your Honor, you are saying you think there

3    are perhaps two courses of action for trial?

4         THE COURT:  Two that I was considering before we

5    got the reply from the Government.

6         MR. PETERS:  Okay.  All right.

7         THE COURT:  Those are two course of trial that I

8    was considering.  I am just saying -- essentially, as I

9    told you last time, this case is not going to take 5

10   months to try because I don't have 5 months.  And there is

11   no need for it to take 5 months.  I am not going allow a

12   bunch of evidence that the defendants have not been given

13   notice of and which is going to take hundreds of hours to

14   prepare unless it is explicitly charged in the Indictment.

15        My interpretation of the cases that were cited does

16   not leave me in the same camp as where the Government is

17   in terms of what intrinsically related means.  And I will

18   say, for instance, Oles, that was a check-kiting scheme,

19   and there the items at issue was one -- testimony related

20   to one bank, not 30, undisclosed or more instances.

21        MR. PETERS:  In a 4-month scheme, Your Honor.

22        THE COURT:  Exactly, in a 4-month scheme.

23        MR. PETERS:  Not a 4-year-and-4-month scheme.

24        THE COURT:  All right.  So it seems to me that,

25   Ms. Heldmyer, you have tried to tighten this up.  You have

1    come from where we started with hundreds to, you know,

2    less than a hundred, to now I think we are actually are

3    looking at, I think, 14 or so uncharged patients.  So I

4    think it should be fairly easy for you to accomplish what

5    you want in a Superseding Indictment, and I just wanted to

6    give you some guidance as to what I think you have to do

7    if you want that information in.

8         MS. HELDMYER:  Thank you, Your Honor.  When the

9    Court says, however, that there is nothing stopping the

10   Government from doing that, there is something very

11   significant stopping the Government from doing a lot of

12   what you are suggesting, and that is the statute of

13   limitation because this case has been going on now for 3

14   years.

15        So we are going to be fairly limited in what we can

16   do to change this Indictment.  But we can change the

17   Indictment, and we can do it.  And the way that we have

18   specified in our pleadings, hopefully that will satisfy

19   the Court's concerns.

20        THE COURT:  All right.  Mr. Lozow?

21        MR. LOZOW:  Thank you, Judge.  Your Honor, I don't

22   want to prolong the hearing, I just want to make one or

23   two comments.

24        Based on the Government's briefing, it was at least

25   our -- or my analysis that this access to the grand jury 3

1    years after the original Indictment and 2-and-a-half years

2    after the Superseding Indictment, is but using that grand

3    jury here for preparation for trial.  And that, to me,

4    suggests that -- and that is prohibited.

5         So when I first thought that this was all the

6    Government was going to do, and that was kind of make this

7    playing field uneven again by changing something, perhaps,

8    from a substantive count to a conspiratorial count, but to

9    kind of grasp then the rhetoric of intrinsic evidence and

10   make that easier to deal with, I don't know what the

11   Government will do going forward, but I do know the case

12   law, and I do have at least one case that I would like to

13   hand up, if I could.

14        THE COURT:  You may.

15        MR. LOZOW:  I would love to take credit for this,

16   but Mr. Mair found this case and it kind of gave me some

17   guidance on some research that I was delegated to look at,

18   and that is whether or not this late in the game,

19   superseding an indictment has more to do with preparation

20   for trial than it does with other things that grand juries

21   can be utilized for 3 years down the line.

22        And so I just want to note for the Court that the

23   case law seems to suggest to us, or suggest to me, that

24   this type of activity by the Government will necessitate

25   rigorous grand jury practice.  And the case law is a

1    little sparse on the issue, but it may well be that we ask

2    to intervene with regard to that grand jury process or we

3    ask this Court to use its supervisory power to kind of

4    review exactly what this grand jury is told.

5         And, along the way, I think it's <u>Burgess</u> is the

6    name of the case, and I am kind of thinking, but along the

7    way the ground rules have changed, as well, by the Supreme

8    Court's decision since the original Indictment in this

9    case and the Superseding Indictment.

10        So we understand the Court's thinking.  It would

11   waste a lot of time here.  Of course, we had anticipated

12   the Court severing these matters and the matter being set

13   for trial.  That is what we anticipated before we got this

14   pleading.

15        But having heard what the Court said, we will have

16   to await, you know, whatever the next journey the

17   Government takes.  Again, I think this reminds me, and we

18   were talking about this at lunch, of a sports analogy.

19   When defense lawyers walk into a case like this, what they

20   kind of hope for is just an even playing field.  Just an

21   even playing field.  Give us the notice, give us the

22   opportunity to try the case, and be fair.

23        And I think the posture of the case, in terms of if

24   you look at the instructions, the issues concerning this

25   extrinsic/intrinsic issue, and how that happened, tilted

1   the playing field, not to one side or the other, but made

2   it even.

3         And I, for one, think the Government, with regard

4   to what has gone on, is unhappy with what has happened.

5   Uses adjectives during its briefing that suggest, you

6   know, that these things are unprecedented and these

7   amazing kinds of things the Court has done.  And really

8   all the Court has done is made this playing field even in

9   a case that is incredibly difficult to defend.

10        So I want to suggest to the Court that we will be

11  rigorously asking the Court to use its power under the

12  rules, under Rule 6(c) to closely monitor exactly what

13  this grand jury gets now, taking into account, we think,

14  very little change in the actual facts of what happened

15  here, other than this Court's rigorous, conscientious and

16  discretionary look at some very difficult issues.

17        Thank you, Your Honor.

18        THE COURT:  All right.  And I will tell you, it is

19  my practice and my belief that I have no business in the

20  grand jury proceedings.  After the fact, perhaps, but I

21  just wanted to share my concerns with the Government so

22  that they know, if they are going back for a Superseding

23  Indictment, what I think they need to do in order to get

24  in the evidence they want to get in.

25        I did think about the statute of limitations.  If

1    it has past, then it has past.  But then I just can't see

2    what relevance there is of any evidence about acts that

3    are no longer subject to being prosecuted criminally.

4          And, again, I am not going to interfere with the

5    grand jury proceedings.  I do think it is going to be

6    difficult because I am not sure how it really works,

7    although I oversaw the grand jury for many years, but you

8    have a totally different grand jury because that grand

9    jury is no longer sitting.

10         And I will leave it to Ms. Heldmyer to present that

11   to the grand jury however she wants if there are

12   challenges that come after the fact that are appropriate,

13   but I am not going to step in at this stage in anything

14   with respect to the grand jury.

15         MR. LOZOW:  We understand.  We may ask to step in.

16   We are not asking the Court to step in.  Thank you, Judge.

17         THE COURT:  All right.  If there is nothing

18   further, then, Court will be in recess.

19         (Proceedings conclude at 1:47 p.m.)

20

21

22

23

24

25

1

2                    **R E P O R T E R ' S   C E R T I F I C A T E**

3

4          I, Darlene M. Martinez, Official Certified

5    Shorthand Reporter for the United States District Court,

6    District of Colorado, do hereby certify that the foregoing

7    is a true and accurate transcript of the proceedings had

8    as taken stenographically by me at the time and place

9    aforementioned.

10

11

12

13          Dated this 29th day of July, 2014.

14

15

16

17          _____

18          s/Darlene M. Martinez

19          RMR, CRR

20

21

22

23

24

25