IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:11-cr-00302-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAM JAHANI

and ERIC. A PEPER,

        Defendants.
_____

**DEFENDANT JAHANI'S MOTION TO STRIKE SURPLUSAGE FROM THE SECOND SUPERSEDING INDICTMENT (DOC. #365)**
_____

Defendant Sam Jahani, by and through his attorneys, Peters Mair Wilcox, and pursuant to Fed. R. Crim. P. 7(d), hereby submits this Motion to strike surplusage from the Second Superseding Indictment (Doc. #365, hereinafter the "SSI").

**INTRODUCTION**

In its recent Order Bifurcating Trial (Doc. #414), the Court ruled that this case will be severed into two trials, with Counts 28-65 (alleging violations of § 841 of the Controlled Substances Act) to proceed to trial first (such trial is hereinafter referred to as the "§ 841 trial").  In light of the Court's severance ruling, certain portions of the SSI must be struck to avoid the injection of irrelevant considerations into the § 841 trial and the resulting prejudice to defendants.  Specifically, in order to allow Dr. Jahani to prepare for trial expeditiously, the prosecution's attempt to incorporate into the § 841

charges nearly all of the allegations contained in the severed conspiracy count must be struck. All references to 21 C.F.R. § 1306.04 also must be struck because that regulation does not state the standard for a violation of § 841 and is irrelevant to any of the government's charges.

## ARGUMENT

Federal Rule of Criminal Procedure 7(d) provides: "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). While language "describing the essential elements of the crime alleged is not surplusage and cannot be stricken," less essential language is subject to removal. *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990) (citations omitted). "Acting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *Id.* (citations omitted).

The essential elements of the § 841 charges, that will be the subject of the first trial in this case, are set forth within the text of Counts 28 through 65 of the SSI. *See* (Doc. #365 at 30-48). As the Court notes in its Order Bifurcating Trial, each of those counts "alleges that on or about [particular dates], Defendant Jahani [or Defendant Peper] dispensed a specific controlled substance to a specific alleged patient and that this was for no legitimate medical purpose." (Doc. #414 at 5, citing Doc. #365 at 30-31). Four of the § 841 counts additionally allege that "death resulted" from the dispensing. *See* (Doc. #365 at 32, 40, 46, 47).

In contrast to the straightforward allegations of each discrete § 841 count, the government also purports to incorporate into the § 841 charges all "allegations contained in Sections A, C and D of Count One." (Doc. #365 at 30). None of those allegations, however, are essential to the allegations of unlawful distribution that form the § 841 charges. To the contrary, the wide-ranging conspiracy forming Count 1 includes allegations regarding health insurers and similar government programs, CPT "up-coding" and other billing practices, oversight of physician assistants, overdoses and prescribing activities relating to uncharged patients, falsification of documents regarding unnamed patients, and financial transactions. (Doc. #365 at 2-25). All those allegations are irrelevant to the § 841 charges, and are inflammatory and prejudicial as to those charges. The incorporating language at the beginning of the § 841 counts therefore must be struck from the SSI so that the Court's severance will have the desired effects of "greatly reduc[ing] the overall volume of evidence, which will in turn result in less confusion of the jurors with respect to the CSA counts" and "reduc[ing] the very real possibility of two important kinds of prejudice" to the defendants. (Doc. #414 at 15).[1]

---

[1] In moving to strike the government's attempt to incorporate the conspiracy allegations into the § 841 counts, Dr. Jahani notes that such allegations would remain part of Count 1 of the SSI to the extent they are proper in a later trial involving Count 1. For example, those portions of the SSI alleging the elements of Count 1, while impertinent in the § 841 trial, would obviously be properly presented in a later trial of Counts 1-28. The allegations of Counts 1-28, however, have no place in the § 841 trial. At the § 841 trial, this problem could be dealt with simply by redacting, and not reading to the jury, Counts 1-28. *See United States v. Wittig*, 2005WL1227938, *12 (D. Kan. 2005) (a trial court is not required to read an indictment to the jury and, if it chooses to do so, it has the discretion to excise language or paraphrase the indictment to remove "lengthy narrative" and "loaded language."). The attempted incorporation of the conspiracy allegations into the § 841 counts, however, must be struck now so as to allow defendants to effectively prepare for the first trial with knowledge that allegations and evidence regarding the "large overarching conspiracy" will not "unnecessarily complicate and potentially confuse the 'threshold' CSA determination . . . ." (Doc. #414 at 14-15).

Equally problematic is the government's effort to engraft into the § 841 counts the "usual course of . . . professional practice" language of 21 C.F.R. § 1306.04.  The government quotes the regulation as paragraph 7 of Count 1, (Doc. #365 at 2-3), then purports to "charge" a violation of § 1306.04 by referencing the regulation in each § 841 count.  *See e.g.* (Doc. 365 at 30, Count 28 titled "Dispensing or Distribution of Controlled Substances 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 and <u>21 C.F.R. § 1306.04</u>") (emphasis added).  As discussed at length in prior filings, *see e.g.* (Doc. #379 at 8, n. 1), the C.F.Rs are not criminal statutes and there is no such thing as a "charge" brought under the regulation.  The Court, moreover, has determined that the jury instructions setting forth the elements of the § 841 charges will not include the "usual course" language used in the regulation.  *See* (Doc. #248 at 2).  The SSI's references to § 1306.04 therefore are superfluous and irrelevant at best.  They would serve only to confuse the jury regarding the applicable legal standard, resulting in prejudice to the defendants.  All references to 21 C.F.R. § 1306.04 constitute surplusage and must be struck from the SSI.

## CONCLUSION

Based on the foregoing arguments and authorities, Dr. Jahani respectfully moves that the Court strike from the Second Superseding Indictment the following surplusage:

- The portion of the "Introduction to Counts Twenty-Eight Through Sixty- Five" stating: "The allegations contained in Sections A, C and D of Count One are hereby expressly incorporated as if set forth herein." (Doc. #365 at 30).
- All references to 21 C.F.R. § 1306.04.  (Doc. #365 at 2-3, 30-48).

Dr. Jahani requests a ruling on this motion before the defense expends public funds to identify and consult with expert witnesses in the case.

Respectfully submitted this 5th day of December, 2014.

                                  s/ Todd E. Mair
                                  Stephen C. Peters
                                  Todd E. Mair
                                  PETERS | MAIR | WILCOX
                                  1755 Blake Street, Suite 240
                                  Denver, CO  80202
                                  Telephone:  (303) 393-1704
                                  Facsimile:  (303) 399-8333
                                  Email: tmair@peterslaw.net
                                               speters@peterslaw.net


                                  ATTORNEYS FOR DEFENDANT
                                  SAM JAHANI

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2014 I electronically filed the foregoing **DEFENDANT JAHANI'S MOTION TO STRIKE SURPLUSAGE FROM THE SECOND SUPERSEDING INDICTMENT** with the Clerk of Court using the CM/ECF system, which will send notification to the following email address:

Michelle M. Heldmyer, Esq.
Assistant United States Attorney
michelle.heldmyer@usdoj.gov

Jaime Pena, Esq.
Assistant United States Attorney
Jaime.Pena2@usdoj.gov

Gary Lozow, Esq.
Foster Graham Milstein & Calisher, LLP
glozow@fostergraham.com
*Counsel for Defendant Eric Peper*

Anthony L. Leffert, Esq.
Robinson Waters & O'Dorisio, PC
aleffert@rwolaw.com
*Counsel for Defendant Eric Peper*

s/ Tara Esqueda