**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 11-cr-00302-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **SAM JAHANI**, and
2. ERIC A. PEPER,

    Defendants.

---

***SUA SPONTE* ORDER REQUIRING THE GOVERNMENT TO SUBMIT
SUPPLEMENTAL BRIEFING ON DEFENDANT JAHANI'S *MOTION IN LIMINE*
REGARDING THE GOVERNMENT'S NOTICE PURSUANT TO FED. R. EVID. 404(b)**

---

In November of 2014, this Court bifurcated Dr. Jahani's trial in this matter, severing the Controlled Substances Act (CSA) counts from the remaining counts of conspiracy, health care fraud, and money laundering, and limiting the first trial to the CSA counts. (Doc. # 414 at 2.) In so doing, the Court catalogued the tortured and lengthy evolution of this case and noted that the CSA counts "present a firm target that can be litigated between the parties: either this particular instance of drug distribution was for a legitimate medical purpose or it was not." (Doc. # 414 at 5.) It also noted that

> The evidence used to prove money laundering is the same as, or similar to, the evidence relevant to prove the fraud charges – e.g., Dr. Jahani's billing, financial recordkeeping, bank statements, and other financial matters. **However, this evidence would have little to no probative value as to the CSA counts. Trying the "gravamen" of the government's case first, i.e., the CSA counts, will greatly reduce the overall volume of evidence, which will in turn result in less confusion**

> **of the jurors with respect to the CSA counts**. It will also reduce the very real possibility of two important kinds of prejudice: the possibility that the jury cumulates evidence of the separate crimes, and the possibility that the jury improperly infers a criminal disposition and treats the inference as evidence of guilt.

(*Id.* at 15) (emphasis added). At a status conference in February of 2015, the Court also specifically warned the Government that

> The only evidence I am going to admit at trial of the CSA counts is evidence that is relevant to prove the elements of the CSA counts and the evidence that is necessary to provide the contextual background for those charges. . . . **[T]hat means that evidence . . . pertaining to the healthcare fraud or to the money laundering or to the overall conspiracy counts will most likely not be allowed in this trial. Because I am not going to have the order bifurcating [the trial] circumvented by having it come in through some back door**. . . .
>
> . . .
>
> And if the Government wants it in . . . **the Government is going to have to show me how it is relevant, specifically relevant to the CSA counts in a very specific manner**. . . I am being very honest with you. I am not going to let this snowball out of control again. **We are going to go to trial on a limited basis on the Controlled Substances Act. We are not going to hear the health care fraud. We are not going to hear the upcoding or the money laundering in this trial. The Government will have another shot at that down the road, but it's not going to tie this case up, except to the extent it is truly relevant.**

(Doc. #464 at 6-7, 10) (emphasis added).

Prior to admitting evidence under Rule 404(b),[1] the district court must make a threshold determination that the evidence is "'probative of a material issue other than character.'" *United States v. Martinez*, 890 F.2d 1088, 1093 (10th Cir. 1989) (quoting *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). In so doing, it must also

---

[1] Rule 404(b) of the Federal Rules of Evidence provides that evidence of a crime, wrong, or other act "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

2

"necessarily assess[]" whether the evidence is relevant as required by Fed. R. Evid. 402, and, if so, whether the probative value of the evidence is "substantially outweighed" by its potential for unfair prejudice. *Id.* In order to aid the district court's determination, **the government bears the burden** of showing the proffered evidence to be relevant, and it "must **articulate precisely** the evidential hypothesis by which a fact of consequence may be inferred from the evidence of other acts." *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985) (emphasis added); *see also United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000) (same). Similarly, a court admitting the evidence must "**specifically identify** the purpose for which such evidence is offered," and may not rest upon "a broad statement merely invoking or restating Rule 404(b)." *Kendall,* 766 F.2d at 1436 (emphasis added). And the stakes could not be higher:

> Deciding whether to admit evidence under Rule 404(b) requires the greatest care on the part of the trial judge, because few categories of evidence bring greater risk of prejudice to the accused under Rule 403. Evidence describing prior misconduct by a criminal defendant can overwhelm the jury's consideration of proof relating to the charged crime and this risk of prejudice means the judge has an especially heavy responsibility to rule with care and perception on defense objections.

1 Christopher Mueller & Laird Kirkpatrick, Federal Evidence § 4:28 (4th ed.)

On July 31, 2015, the Government filed its Notice Pursuant to Federal Rule of Evidence 404(b), regarding the evidence of other crimes, wrongs, or acts that it intends to introduce in the first trial against Dr. Jahani. (Doc. # 514.) Its Notice did not provide "the evidential hypothesis by which a fact of consequence may be inferred from the evidence of other acts." *See Kendall*, 766 F.2d at 1436. Instead, the Notice asserted that evidence was admissible by merely invoking the broad categories of 404(b). For

example, it summarized evidence that would be provided from witness Amy Nichols and asserted, without explanation, that this evidence would demonstrate **almost every possible "other" purpose** listed in 404(b) ("This evidence demonstrates Jahani's (a) opportunity, (b) preparation, (c) knowledge, (d) intent, (e) absence of mistake, (f) lack of accident **and/or** (g) motive.")  (Doc. # 512 at 21-24) (emphasis added).

On August 12, 2015, Dr. Jahani submitted a 39-page *Motion in Limine*, arguing, in very specific detail that much of the Government's proffered 404(b) evidence was inadmissible for a variety of reasons, including that it violated Rule 403 and that the evidence did not, in fact, show the proffered 404(b) purposes.  (Doc. # 523.)  The Government's Response to this Motion was a mere six pages long (inclusive of the signature block) and utterly failed to address **any** of the Defendant's specific arguments; instead, it provided "cookie-cutter," generic statements of law about 404(b) evidence and made two very general arguments: (1) the Motion should be denied because it is "premature" and (2) the Defendant can obtain limiting instructions.  (Doc. # 550.)

Needless to say, the Government has not met its burden to show that this evidence is admissible under 404(b), and it is also incorrect that a pretrial ruling on much of this evidence would be "premature."  Although the admissibility of Rule 404(b) evidence can be a fact-bound determination that depends on the character of the other evidence admitted at trial, there are instances "when the district court's evidentiary ruling under Rule 404(b) is more in the nature of a decision as a matter of law rather than a factual determination.  In such cases, the issue of admissibility can be finally decided" before trial.  *United States v. Lawless*, 153 F.3d 729, 1998 WL 438662, at *4 (10th Cir. 1998); *see also* 1 McCormick On Evid. § 52 (7th ed.) ("[A] pretrial ruling on a

*motion in limine* should be encouraged. In the pretrial setting, the judge has more time to carefully think through the evidentiary issue; there are no jurors impatiently waiting for the sidebar conference to end. In addition, an *in limine* motion may prevent the jurors' exposure to prejudicial information and thereby avoid a mistrial.") Moreover, because of the unique nature of this complex (and now-bifurcated) trial, it is clear that a pretrial ruling on the scope of admissible 404(b) evidence is necessary, as such a ruling will have a significant impact on (1) the resources expended in Defendant's pretrial preparation, including the time spent obtaining and preparing experts and other witnesses to rebut such evidence; and (2) the length of the trial itself, because much of the proffered 404(b) evidence could lead to "mini" trials (or, at the very least, extended bench conferences) about utterly irrelevant side issues.

As such, the Court will provide the Government with **one last chance** to meet its burden and explain to the Court why the slough of 404(b) evidence it wishes to proffer against Dr. Jahani is (1) offered for a proper purpose under 404(b), including a **precise articulation** of the evidential hypothesis by which a fact of consequence may be inferred from the evidence of other acts; (2) relevant to the **CSA counts specifically**;[2] **and** (3) not in violation of Rule 403. *See United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). The Court anticipates that it will make pretrial rulings about much of this evidence, and if the Government fails to meet its burden, it will grant the Defendant's Motion. **This supplemental briefing is due on or before October 16, 2015.**

---

[2] The Government should closely review the transcript of the status conference held on February 18, 2015, in which the Court provided its initial impressions about the kinds of evidence that would be relevant to the first trial on the CSA counts. (*See* Doc. # 464 at 6-11.)

DATED: October 2, 2015

                                      BY THE COURT:

                                      *Christine M. Arguello* (signature)

                                      CHRISTINE M. ARGUELLO
                                      United States District Judge